IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL NO. 19-CR-00412 |
| AMY ANGLIN,<br>    a/k/a AMY POWELL | § § § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Steven Mellin and Thomas Carter, III, Assistant United States Attorneys, and the defendant, Amy ANGLIN, a/k/a Amy POWELL ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 1 and 4 of the Indictment. Count 1 charges Defendant with wire fraud, in violation of Title 18, United States Code, Section 1343. Count 4 charges Defendant with making a false statement, in violation of Title 18, United States Code, Section 1001(a)(3). Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1343, is imprisonment of not more than 20 years and a fine of not more than $250,000.00.

Additionally, Defendant may receive a term of supervised release after imprisonment of up to 3 years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1001(a)(3) is imprisonment of five years and a fine of not more than $250,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of up to one year. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for up to 2 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if she is a naturalized

United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

### Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s). In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks her conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce her guilty plea, and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**The United States' Agreements**

8. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Counts 1 and 4 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently;

4

(c)     The United States will agree not to seek an upward departure or variance;

(d)     The United States will agree that the readily-ascertainable loss amount to the victim, pursuant to the Sentencing Guidelines in this case, does not exceed $250,000;

(e)     The United States will agree that any sentence imposed by the Court should run concurrently as to both counts of conviction, including any supervised release following a term of imprisonment;

(f)     The United States agrees that any payments made in Cause No. 2019-08210, in the 151st District Court of Harris County, Texas, shall be credited toward the restitution obligation in this case; and

(g)     The United States will agree not to pursue the two (2) point enhancement under the Federal Sentencing Guidelines Section 2B1.1(b)(2)(A)(iii) regarding substantial financial hardships to one or more victims, because it cannot prove that enhancement from the readily-ascertainable evidence.

### Agreement Binding - Southern District of Texas Only

9. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

12. Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree;

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

## Factual Basis for Guilty Plea

13. Defendant is pleading guilty because she is in fact guilty of the charges contained in Counts 1 and 4 of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

From in or about May 2016, through in or about October 2018, in the Houston Division of the Southern District of Texas and elsewhere, the Defendant knowingly devised a scheme and artifice to defraud her employer to obtain money and property by false and fraudulent pretenses and representations. In executing the scheme, Defendant caused to be transmitted by way of wire,

radio, or television communication in interstate commerce a writing, sign, signal, picture, and sound for the purpose of executing the scheme. To effectuate the scheme, Defendant used multiple bank accounts, credit cards, and lines of credit belonging to the victim to defraud the victim.

Defendant was employed by the victim, FW, a retired real estate investor living in Houston, Texas. Defendant originally served as an administrative assistant for the victim, who was ninety one (91) years old at the beginning of her employment. As the victim's health and vision worsened to the point of near total blindness, the Defendant took on an increasingly active role in assisting the victim in his daily affairs, including helping him manage his personal finances and the financial affairs of the victim's numerous continuing business interests. The Defendant's role and employment gave her access to the victim's personal and business bank accounts, credit cards, and lines of credit.

During the scheme, the Defendant began to defraud the victim using various means, using credit cards and checks belonging to the victim. In or about January 2017, the Defendant gained access to at least one of the victim's credit cards and, through in or about October 2018, used the victim's credit to make various unauthorized purchases. These purchases included flights and vacations for the Defendant and her family, golf club memberships, home renovations, back child support payments, and Western Union money transfers to acquaintances. During the scheme, the Defendant obtained up to $249,000.00 from the victim.

For example, on or about August 28, 2017, in the Southern District of Texas and elsewhere, the Defendant used the victim's Comerica credit card without authorization to purchase $2,966.14 worth of golf memberships and benefits from the Pecan Grove Plantation, part of a recurring

expense charged to the same card.

Additionally, on or about July 13, 2017 through on or about August 3, 2017, in the Southern District of Texas and elsewhere, the Defendant used the victim's Comerica credit card without authorization to purchase a Hawaiian golf vacation. Using the victim's credit card, the Defendant spent at least $8,755.53 to fund a stay at a Maui golf resort and spa, including $5,170.23 on airline tickets and in-flight upgrades.

On or about September 11, 2018, the Defendant also caused a Western Union wire transfer to N.B., an acquaintance of hers, sending $800. That money belonged to victim FW, and the Defendant caused it to be sent without authorization from FW. Western Union assigned that transfer the Control Number 5433430662. Those funds were transferred by wire communications that were routed, in part, through interstate commerce using computer servers in Colorado.

In addition to her scheme to defraud the victim FW, the Defendant also made materially false statements to a governmental agency during the time in which she was defrauding the victim FW. As the result of a 2012 conviction for Embezzlement from Insurer (18 U.S.C. § 1033) from the Western District of Oklahoma in cause CR-11-077, Defendant Anglin was ordered to repay $217,274.77 to her victim in that case. When her supervised release expired in or about April 2016, the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Texas, a division of the executive branch of the United States, attempted to continue collecting the remaining $213,274.77 owed to Defendant's original victim. As part of their efforts, members of the Financial Litigation Unit send the Defendant several "Financial Statements" which were to be filled out under penalty of perjury.

9

On or about July 25, 2016, the Defendant filled out a "Financial Statement," again under penalty of perjury, and submitted it to the executive branch of the United States, namely the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Texas. The writing submitted by the Defendant was materially false because the Defendant claimed to have no employment, earn no salary, and have no other source of income other than her husband's salary, when in fact at the time of the submission, the Defendant was employed by the victim from Count 1, was earning a salary, and had access to multiple other sources of income.

## Breach of Plea Agreement

14. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of

property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

19. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of her criminal conduct, the victim(s) incurred a monetary loss of up to $249,000.00. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that

restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

**Forfeiture**

20. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

21. Defendant stipulates and agrees that Defendant obtained an amount up to $249,000.00 from the criminal offenses and that the factual basis for her guilty plea supports the forfeiture of up to $249,000.00. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p), exists. Defendant agrees to forfeit any of Defendant's property in substitution, up to a total forfeiture of $249,000.00. Defendant agrees to the imposition of a personal money judgment in that amount.

22. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

25. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Complete Agreement**

26. This written plea agreement, consisting of 15 pages, including the attached addendum of Defendant and her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

27. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _September 25_, 2019.

_____
Defendant

13

Subscribed and sworn to before me on ___September 25___, 2019.

                                                DAVID J. BRADLEY, Clerk
                                                UNITED STATES DISTRICT CLERK

                              By: _____
                                  Deputy United States District Clerk

APPROVED:

    Ryan K. Patrick
    United States Attorney

By: _____        _____
    Steven Mellin                                    Joshua Lake
    Thomas Carter, III                       Attorney for Defendant
    Assistant United States Attorneys
    Southern District of Texas
    Telephone: 713-567-9000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL NO. 19-CR-00412 |
| AMY ANGLIN,<br>a/k/a/ AMY POWELL | § § § | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____        9/25/19
Attorney for Defendant                               Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____        9/25/2019
Defendant                                              Date

15